The Kantrow Law Group, PLLC
*Proposed Attorneys for Allan B. Mendelsohn, Trustee*
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791
Fred S. Kantrow, Esq.
516 450 7745

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| | Case No.: 20-73289-ast |
| MANUEL D. MARCIA OLIVA and | |
| WUANDA BODDEN MARTINEZ, | |
| Debtors. | |

------------------------------------------------------------------x

**APPLICATION FOR RETENTION OF
THE KANTROW LAW GROUP, PLLC
AS ATTORNEYS FOR CHAPTER 7 TRUSTEE**

TO:  THE HON. ALAN S. TRUST
     CHIEF UNITED STATES BANKRUPTCY JUDGE

Allan B. Mendelsohn, the Chapter 7 Trustee (the "Trustee") for the Estate of Manuel D. Marcia Oliva and Wuanda Bodden Martinez, ("Debtors"), respectfully submits this application seeking entry of an Order authorizing the Trustee's retention of the firm of The Kantrow Law Group, PLLC (the "Firm"), as attorneys for the Trustee under Sections 105 and 327 of Title 11, United States Code (the "Bankruptcy Code"); Rule 2014 of the Federal Rules of Bankruptcy Procedure; and the Local Rules for the United States Bankruptcy Court, Eastern District of New York, and respectfully states as follows:

1.  On October 29, 2020 (the "Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Allan B. Mendelsohn was appointed interim chapter 7 Trustee of the Debtors' estate and thereafter did duly qualify as the permanent and serving case Trustee.

2.  The Trustee's initial review of the Debtors' finances indicates that there may be several actions to prosecute to recover funds for the benefit of the estate's creditors. These include

fraudulent conveyance actions as well as other avoidance actions which may enhance the estate. In addition, by letter dated December 30, 2020, the Trustee asked Debtors' counsel, Narissa Joseph to provide the Trustee with information regarding the Debtors' real property commonly known as 126 Barbara Street, Elmont, New York (the "Real Property"). The Trustee's letter has simply gone without response.

3. The Trustee selected the Firm because the attorneys in the Firm are familiar with bankruptcy practice and are well qualified to act in the capacity as attorneys for the Trustee.

4. It is necessary for the Trustee to employ attorneys to render professional services, including, but not limited to the following:

    a) Assist the Trustee in the investigation of the Debtors' estate, including any potential assets and the disposition thereof;

    b) Conduct examinations of the Debtors and other witnesses in connection with the Trustee's examination of the Debtors' financial affairs; and

    c) Advise the Trustee in connection with his statutory duties and prepare applications and motions as may be appropriate; and

    d) Assist the Trustee in a potential action pursuant to section 727 of the Bankruptcy Code to seek to deny the Debtors' discharge.

5. To the best of the Trustee's knowledge, and based upon the Affidavit of Fred S. Kantrow, Esq., the attorneys in the Firm have no connection with the Debtors, or any other party in interest or their respective attorneys.

6. To the best of the Trustee's knowledge, the Firm represents no interest adverse to the Trustee or to the estate in the matter in which it is to be engaged herein, and the employment of the Firm would be in the best interests of the estate.

**WHEREFORE**, the Trustee respectfully requests for the entry of an Order, substantially in the form of the proposed Order annexed hereto, authorizing the retention of the Firm for the

Trustee, for which no previous application has previously been made.

Dated: Syosset, New York  
       January 31, 2021

Respectfully submitted,

S/Allan B. Mendelsohn  
Allan B. Mendelsohn