The Kantrow Law Group, PLLC
*Proposed Attorneys for Allan B. Mendelsohn, Trustee*
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791
Fred S. Kantrow, Esq.
516 450 7745

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | RETURN DATE: **2/23/21** |
| EASTERN DISTRICT OF NEW YORK | TIME: **10:30 a.m.** |

------------------------------------------------------------------x

In re:

MANUEL D. MARCIA OLIVA and
WUANDA BODDEN MARTINEZ,

                        Debtors.

Chapter 7
Case No.: 20-73289-ast

------------------------------------------------------------------x

**TRUSTEE'S APPLICATION SEEKING ENTRY OF AN ORDER
EXTENDING TRUSTEE'S TIME TO OBJECT TO DEBTORS' DISCHARGE
PURSUANT TO 11 U.S.C. § 727**

TO:    HON. ALAN S. TRUST
        CHIEF UNITED STATES BANKRUPTCY JUDGE

Allan B. Mendelsohn, the chapter 7 trustee herein (the "Trustee"), by and through his proposed attorneys, The Kantrow Law Group, PLLC, respectfully submits this as and for his application (the "Application") seeking the entry of an Order, substantially in the form of the proposed Order annexed hereto, extending the Trustee's time to object to the debtors' discharge pursuant to section 727 of title 11 of the United States Code (the "Bankruptcy Code") and states as follows:

1. Manuel D. Marcia Oliva and Wuanda Bodden Martinez, the debtors (the "Debtors") filed a voluntary petition for relief pursuant to chapter 7 of the Bankruptcy Code on October 29, 2020 (the "Petition Date"). The Debtors are represented by counsel in connection with this chapter 7 bankruptcy filing.

2. Allan B. Mendelsohn was appointed interim Trustee and thereafter did duly qualify as the permanent and serving case Trustee.

3. By letter dated December 30, 2020, directed to the Debtors' counsel, the Trustee requested that the Debtors provide him with information regarding the real property commonly known as 126 Barbara Street, Elmont, New York (the "Real Property") in order for the Trustee to make a determination as to whether the Real Property has non-exempt equity available to the creditors of the Debtors' estate.

4. The Trustee's December 30, 2020 letter has gone without response.

5. On the Petition Date, the Court set February 8, 2021 as the last date by which any party could commence an action pursuant to section 727 of the Bankruptcy Code. Because the Debtors have elected to ignore the Trustee's most basic request for information, it is necessary for the Trustee to seek to extend the time to object to discharge in order for him to complete his investigation into the financial affairs of the Debtor. For those reasons, the Trustee seeks an extension of sixty (60) days, without prejudice to seek a further extension or extensions in the event such extension becomes necessary.

6. Rule 4004(b)(1) of the Federal Rules of Bankruptcy Procedure provides in pertinent part, "On motion of any party in interest, and after notice and hearing, the court may for cause extend the time to object to discharge. Except as provided in subdivision (b)(2), the motion shall be filed before the time has expired." *Fed. R. Bankr. P. 4004(b)(1)*.

7. As the Trustee is a party interest he has standing to make such application. In addition, the application is filed prior to the February 8, 2021 deadline and is thus timely.

8. Rule 9006(b) of the Federal Rules of Bankruptcy Procedure allows the Court to enlarge a party's time to take actions under the Bankruptcy Rules. The rule states, in pertinent part, "In General Except as provided in paragraphs (2) and (3) of this subdivision, when

an act is required or allowed to be done at or within a specified period by these rules . . . the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed. . ." *Fed. R. Bankr. P. 9006(b)(1).*

9. Neither the Bankruptcy Code nor the Bankruptcy Rules define "cause." Instead, "cause" has been developed through case law. The seminal case in this District as to what constitutes "cause" in warranting an extension of time to file an objection to discharge is *In re Grillo,* 212 B.R. 744 (Bankr. E.D.N.Y. 1997). In *Grillo*, the Court held that cause is not found where a party fails to seek discovery prior to the discharge objection deadline. *In re Grillo* at 747.

10. Thus, if a party sought information prior to the expiration date of the time originally permitted to object to discharge, consistent with the holding in *Grillo,* the party has demonstrated his entitlement to the extension of the time period. Here, the Trustee sought information from the Debtors via their counsel of record. The request for information was simply ignored. The Trustee moves to protect the rights of the creditors of this estate so that they may recover assets available to them, if appropriate. The Debtors' lack of cooperation to this point, provides a sufficient basis for the Court to enter an Order extending the Trustee's time to object to discharge.

WHEREFORE, for the reasons stated herein, the Trustee respectfully requests that this Honorable Court enter an Order, substantially in the form of the proposed Order annexed hereto, extending the Trustee's time to object to the Debtors' discharge pursuant to section 727 of the Bankruptcy Code together with such other and further relief this Court deems just and proper under the facts and circumstances herein.

Dated: Syosset, New York
January 31, 2021

                                        The Kantrow Law Group, PLLC
                                        *Proposed Attorneys for Allan B. Mendelsohn*

BY:    S/Fred S. Kantrow
         Fred S. Kantrow
         6901 Jericho Turnpike, Suite 230
         Syosset, New York 11791
         516 450 7745
         fkantrow@thekantrowlawgroup.com